**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MATTHEW C. ROSS, #384906** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv105** |
| | § | |
| **COLLIN COUNTY, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff filed a motion for a preliminary injunction in which he is seeking an order

that would require the Collin County Detention Facility to provide him with 8.5 x 11-inch plain

white paper so that he may effectively prosecute this matter in accordance with Local Rule CV-

10(a)(4).[1] (Dkt. #29).

**I.  LEGAL STANDARD**

A plaintiff seeking injunctive relief must show: (1) a substantial likelihood of success on

the merits; (2) a substantial threat that the plaintiff will suffer irreparable harm if the injunction is

not granted; (3) that the threatened injury outweighs any damage that the injunction might cause

the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel*

*USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party seeking an injunction carries the burden

of persuasion on all four requirements. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d

192, 196 (5th Cir. 2003).

---

[1] Local Rule CV-10(a)(4) provides:

> (a) **Generally**. When offered for filing, all documents, excluding preexisting documentary exhibits
> and attachments, shall:
>
> > (4) when filed by paper, be plainly written, typed, or printed, double-spaced, on 8
> > ½-inch by 11-inch white paper[.]

Local Rule CV-10(a)(4).

## II.  ANALYSIS

Plaintiff has not addressed any of these factors, much less showed that all of them are met. First, he does not even refer to the merits of his lawsuit, nor how the instant motion for injunctive relief pertains to it. Second, he has not shown any substantial threat that he will suffer irreparable harm without injunctive relief. In fact, the motion itself is written on paper that Plaintiff presumably obtained at the Collin County Detention Facility's law library; he clearly had no difficulty in drafting, mailing, and filing it. Plaintiff also successfully drafted on paper, mailed, and filed several other documents in this case. There is no indication that Plaintiff has been denied writing supplies. Furthermore, none of Plaintiff's filings in this case has been rejected by the Court for non-compliance with the Local Rules. Third, Plaintiff has not addressed what burden granting injunctive relief would place on Defendant Collin County Detention Facility beyond its already-existing duty to provide writing supplies to indigent prisoners. Fourth, Plaintiff has also failed to address whether his requested relief would disserve the public interest. Plaintiff must carry the burden of persuasion on all four of these factors, *Lake Charles Diesel, Inc.*, 328 F.3d at 196 (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)), yet he has not carried a single one.

## III.  RECOMMENDATION

It is therefore recommended that the Plaintiff's motion for a preliminary injunction (Dkt. #29) seeking an order requiring the Collin County Detention Facility to provide him with 8.5 x 11-inch plain white paper be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of September, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE